IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:19-cv-00019-M

DANIEL L. ENGLAND,         )
                                  )
             Plaintiff,   )
                                  )          **OPINION**
v.                             )    **AND ORDER**
                                  )
AHOSKIE HOUSING AUTHORITY,  )
                                  )
           Defendant.  )

This matter comes before the court on Defendant's Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss Plaintiff's *pro se* complaint, filed October 2, 2020. [DE-19] For the reasons that follow, Defendant's motion is GRANTED.

## I.    Background

Plaintiff alleges that he previously worked for Defendant and always received positive work evaluations [DE-11 at 2], and attaches 15 documents to his complaint, certain of which tend to demonstrate that Plaintiff was terminated in April 2018 [*see generally* DE-11-1–15]. Plaintiff asserts that the court has jurisdiction based on "Discrimination on age, national origin" [DE-11 at 2], and sues Defendant for money damages, among other things [DE-11 at 3].

In *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), the Fourth Circuit recognized that *pro se* litigants have an "untutored hand requiring special judicial solicitude[,]" and said that *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1277–78. According Plaintiff this special solicitude, and in light of the documents attached to the complaint, the court construes the complaint as bringing claims against Defendant for employment discrimination based upon:

1

(1) Plaintiff's age, a federal claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"); and (2) Plaintiff's national origin, a federal claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[1]

Defendant has moved to dismiss the complaint for failure to state a claim within the meaning of Rule 12(b)(6) [DE-19], and Plaintiff did not file a response. Defendant's motion is accordingly ripe for adjudication.

## II.     Legal standards

Federal Rule of Civil Procedure 8 ("Rule 8") requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge a pleading's sufficiency under Rule 8 by moving the court pursuant to Rule 12(b)(6) to dismiss the pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

---

[1] Plaintiff can only bring federal-question claims against Defendant in this court since diversity of citizenship within the meaning of 28 U.S.C. § 1332 is lacking.

2

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

## III.    Analysis

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of such individual's age[.]" 29 U.S.C. § 623(a)(1). In a recent decision, a Fourth Circuit panel discussed how an ADEA claim should be adjudged on a Rule 12(b)(6) motion to dismiss:

> To survive a Rule 12(b)(6) motion to dismiss for failure to state an ADEA claim, [a plaintiff] is not required to plead a prima facie case of discrimination, but he must allege facts to satisfy the elements of an ADEA cause of action. The allegations must also state a plausible claim for relief -- the complaint cannot contain naked allegations, a formulaic recitation of the necessary elements, or factual allegations that are no more than legal conclusions. Rather, the complaint must contain factual allegations sufficient to raise a right to relief above the speculative level and to support a reasonable inference of discrimination.
>
> . . .
>
> The elements of an ADEA cause of action are the following: the plaintiff is

3

(1) over the age of 40, and

(2) experienced discrimination by an employer

(3) because of his age.

*Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (per curiam) (unpublished) (internal quotation marks, brackets, and citations omitted).

Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's . . . national origin[.]" 42 U.S.C. § 2000e-2(a)(1).  As with the ADEA, a plaintiff pleading a Title VII claim is not required to plead a prima facie case of discrimination, but is "required to allege facts to satisfy the elements of a cause of action created by that statute"—here, that (1) Plaintiff was terminated and (2) the termination was because of his national origin.  *McCleary-Evans v. Maryland DOT*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (Title VII "requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin.").  And as with ADEA claims, Title VII claims must be supported by factual enhancement sufficient to "permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 678–79, such that the claim is rendered "plausible on its face[,]" *Twombly*, 550 U.S. at 570.  *See supra* Section II.

According to the documents attached to his complaint, Plaintiff is 64 years old [*see* DE-11-14 (Date of Birth 10/13/1957)] and Native American [*see* DE-11-2 ("Ethnicity: American Indian or Alaskan Native, National Origin: American (U.S.)")], and was terminated by Defendant in April 2018 [DE-11-10 (April 9, 2018 termination letter stating that Plaintiff was terminated for "lack of Professionalism, Knowledge of Job, and Leadership skills")].  However: (1) the complaint fails to allege any facts tending to establish that Plaintiff's termination was the result of age- or national-origin-based discrimination; and (2) the court sees nothing in the documents Plaintiff attached to the complaint tending to support Plaintiff's conclusory

4

allegations that his termination was the result of such discrimination.

The only allegation reflected within Plaintiff's submissions that might support a claim of employment discrimination is found within a Charge of Discrimination that Plaintiff appears to have filed at the Equal Employment Opportunity Commission, which is among the documents Plaintiff attaches to his complaint. [DE-11-3] Therein, Plaintiff claimed race discrimination because he was denied the opportunity to speak at a board meeting "about the lack of equipment and tools needed in [his] unit . . . while other Caucasian and Black members were allowed to express their issues in their perspective [sic] line of work." [DE-11-3] But even treating Title VII race-based discrimination as properly alleged and accepting Plaintiff's allegation regarding the board meeting as true for Rule 12(b)(6) purposes, *Hall*, 846 F.3d at 765, the fact that some of Defendant's other employees of different races were given the opportunity to speak when Plaintiff was not does not amount to a plausible allegation of race-based discrimination within the meaning of Title VII. *See McCleary-Evans*, 780 F.3d at 586 ("The allegation that [the defendant] did not hire [the plaintiff] because its decisionmakers were biased is simply too conclusory. Only speculation can fill the gaps in [the] complaint -- speculation as to why two 'non-Black candidates' were selected to fill the positions instead of [the plaintiff]. While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is <u>consistent</u> with discrimination, it does not alone support a <u>reasonable</u> <u>inference</u> that the decisionmakers were motivated by bias.").

In sum, even according Plaintiff the special solicitude to which he is entitled as a *pro se* complainant, *Beaudett*, 775 F.2d at 1277, the court concludes that Plaintiff has at most alleged facts consistent with discrimination, but has failed to allege facts sufficient to support a reasonable inference of discrimination. Plaintiff's ADEA and Title VII claims must accordingly be dismissed under Rule 12(b)(6). *Tickles*, 805 F. App'x at 208; *McCleary-Evans*, 780 F.3d at 588.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


SO ORDERED this the _____ 8th _____ day of _____ March _____, 2021.

_Richard E Myers II_
_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

6